IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TERESA M. LITZINGER | ) | Case No. 13-12535-BFK |
| | ) | Chapter 7 |
|     Debtor | ) | |
| | ) | |
| JANET M. MEIBURGER, Trustee, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. _____ |
| | ) | |
| ROBERT L. LITZINGER | ) | |
| | ) | |
|     Defendant. | ) | |

**COMPLAINT TO AUTHORIZE SALE OF PROPERTY
OF THE BANKRUPTCY ESTATE AND OF CO-OWNER
PURSUANT TO BANKRUPTCY CODE SECTION 363(h)**

Janet M. Meiburger, Esq., the Chapter 7 Trustee in the above-named case, by her undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 7001(3), hereby files this Complaint to Authorize Sale of Property of the Bankruptcy Estate and Co-Owner Pursuant to Bankruptcy Code Section 363(h), and in support thereof states as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334.

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(A), (M) and (O).

---

Janet M. Meiburger, VA Bar No. 31842
The Meiburger Law Firm, P.C.
1493 Chain Bridge Road, Suite 201
McLean, VA 22101
(703) 556-7871
Counsel to Plaintiff

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

## PARTIES

4. On May 31, 2013 (the "Petition Date"), Teresa M. Litzinger (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

5. Janet M. Meiburger was appointed Chapter 7 Trustee on June 1, 2013 (Docket No. 4), and she continues to serve in that capacity.

6. Robert L. Litzinger is a resident of the Commonwealth of Virginia presently residing at 9356 Harts Mill Road, Warrenton, Virginia 20186.

## FACTS

7. Among the assets of the bankruptcy estate is the real property known as Lot 20 at Cove Creek in Baker, West Virginia (the "Property"). The Property consists of raw land.

8. The Debtor and Mr. Litzinger are married but, on information and belief, they are currently separated.

9. A copy of the deed to the Property is attached as Exhibit A. The deed states that Mr. and Ms. Litzinger own the Property as joint tenants with right of survivorship. The Trustee understands that tenancy by the entirety is not recognized in West Virginia.

10. The Trustee has consulted with a realtor about listing the Property for sale, and he has seen the Property. Based on his advice, the Trustee believes that the Property could be listed for sale for $29,900.00. The Property is owned free and clear of mortgages and liens. The Debtor did not claim an exemption in the Property.

RELIEF REQUESTED

11. Pursuant to 11 U.S.C. § 363(h), a trustee may sell both the estate's interest and the interest of any co-owner in property in which the debtor had, at the time of the commencement

of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if: (i) partition in kind of such property among the estate and such co-owners is impracticable; (ii) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners; (iii) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and (iv) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

12. Partition in kind of the Property between the bankruptcy estate and Mr. Litzinger is impracticable.

13. The sale of the bankruptcy estate's undivided one-half interest in the Property would realize significantly less for the bankruptcy estate than a sale of the Property free of the interests of Mr. Litzinger.

14. The benefit to the bankruptcy estate of a sale of the Property free of the interests of Mr. Litzinger outweighs the detriment, if any, to him.

15. The Property is not used in the production, transmission or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

16. Pursuant to 11 U.S.C. 363(h), the Plaintiff respectfully requests entry of an order allowing her to sell the Property free of the interests of Mr. Litzinger as co-owner and requiring Mr. Litzinger to cooperate with the Trustee's efforts to sell the Property.

17. The Trustee will file an application for employment of a realtor once the relief requested herein has been granted. Any sale of the Property will be subject to the approval of the

Bankruptcy Court, and the Trustee will file a motion to approve any such sale once there is a ratified contract for the purchase and sale of the Property.

WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment against Robert M. Litzinger, pursuant to 11 U.S.C. 363(h), (i) authorizing the Plaintiff to sell the real property located at Lot 20 at Cove Creek in Baker, West Virginia free of the interests of Mr. Litzinger as co-owner, subject to his rights pursuant to 11 U.S.C. §363(i), and (ii) requiring Robert M. Lizinger to cooperate in the Plaintiff's efforts to sell the Real Property, and granting such other and further relief as the Court deems appropriate.

                Respectfully submitted,

                The Meiburger Law Firm, P.C.

Dated: February 20, 2014        By: /s/ Janet M. Meiburger
                Janet M. Meiburger, Esq., VSB No. 31842
                The Meiburger Law Firm, P.C.
                1493 Chain Bridge Road, Suite 201
                McLean, Virginia 22101
                (703) 556-7871
                Counsel for Plaintiff